**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELAINE DONNELLY, and
CENTER FOR MILITARY READINESS,
P.O. Box 51600
Livonia, Michigan 48151

               Plaintiffs,

     -v.-

DEPARTMENT OF THE NAVY,
U.S. MARINE CORPS,
3000 Marine Corps Pentagon
Washington, D.C. 20350-3000

              Defendants.

Civil Case No.

**COMPLAINT**
[Freedom of Information Act]

**INTRODUCTION**

1.    This is an action by news media representative Elaine Donnelly and the Center for

Military Readiness (hereinafter "Plaintiffs") pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, seeking to vindicate their right to obtain government records

possessed by the United States Marine Corps of the Department of the Navy (hereinafter

"Defendant") concerning the implementation of the Repeal of 10 U.S.C. § 654, commonly

known as the "Don't Ask, Don't Tell" policy (hereinafter "Don't Ask, Don't Tell").

2.    The documents sought by the Plaintiffs are paramount to understanding and

assessing of the government's fulfillment of conditions set forth in Congress' repeal of Don't

Ask, Don't Tell which required that the Department of Defense prepare the policies and

regulations prior to the implementation taking effect.  The policies and regulations were to

directly pertain to the military readiness, military effectiveness, unit cohesion, and the recruiting

and retention of the Armed Forces.

3.    Adhering to the responsibility of a  news media representative to be the eyes and

ears of the public, Plaintiffs submitted a FOIA request on August 31, 2011 seeking to review documents related to the implementation the Repeal of Don't Ask, Don't Tell from each division of the military, including Defendant.

4.      To date, Defendant has failed to produce the requested documents; has denied expedited processing and has granted a waiver of fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

5.      Plaintiff, as the requestor, brings this action for a declaration that the Defendant violated FOIA by failing to produce the requested documents and for an order compelling Defendant to fully discharge its obligations under FOIA and make available the requested documents.

6.      As noted by President Obama, who promised the American people a government that was transparent, "The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails."

## JURISDICTION AND VENUE

7.      This action arises under the laws of the United States, in particular, 5 U.S.C. § 552.  Thus, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331.  In addition, this court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which states, in relevant part, that "the district court of the United States in the district . . . in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."

8.      Venue is proper under 28 U.S.C. § 1391(e) because this is the judicial district in which Defendant, an agency of the United States, is located and "a substantial part of the events

- 2 -

or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

9. Plaintiff's FOIA request was sent to Defendant on August 31, 2011.

10. Defendant has failed to provide any requested documents.

11. Pursuant to FOIA, this cause is ripe for judicial review.

## PARTIES

1. Elaine Donnelly is the founder and President of the Center for Military Readiness, a nonpartisan public policy, educational, and media organization that specializes in military personnel issues.

2. The Center for Military Readiness is incorporated under the laws of the State of Michigan, and it is recognized by the Internal Revenue Service (IRS) as a 501(c)(3) organization.

3. The Center for Military Readiness maintains a website, which publishes articles and information pertaining to military personnel issues. The Center for Military Readiness supplies a link within its website to articles and media outlets of which the Center for Military Readiness contributed, under the menu captions "Latest News & Commentary from CMR" and "CMR Research and Analysis."

4. Elaine Donnelly is a member of the news media, has published articles on military personnel issues in many newspapers and magazines nationwide, including the Washington Post, USA Today, the Boston Globe, Congressional Quarterly Researcher, U.S. News & World Report, Human Events, National Review Online, the Washington Times, the American Thinker, and the Naval Institute's Proceedings, and has appeared on most network and cable channel networks.

5. Defendant is an agency of the United States, exists subject to the laws of the

United States, and is headquartered at the Department of the Navy, Headquarters United States

Marine Corps, 3000 Marine Corps Pentagon, Washington, DC 20350-3000.

6.     Defendant has custody and control of the records that Plaintiff seeks through its

FOIA request.   Upon information and belief, these records are located within this judicial

district.

## STATEMENT OF FACTS

7.     On August 31, 2011, Plaintiffs sent their FOIA request to Defendants, seeking the

production of the following documents concerning the Repeal of "Don't Ask, Don't Tell":

1. All records, reports, notes, documents, memoranda, e-mails, statements, or communications between and/or among the military Chiefs of Staff to the Secretary of Defense, and/or the Chairman of the Joint Chiefs of Staff relating to, commenting on, or expressing concerns about implementation of the congressional repeal of 10 U.S.C. § 654, commonly known as the "Don't Ask, Don't Tell" policy, which were made available to members of the House Armed Services Committee between July 28 and August 4, 2011.

2. All records, reports, notes, documents, memoranda, e-mails, statements, or communications between and/or among the military Chiefs of Staff to the Secretary of Defense and/or the Chairman of the Joint Chiefs of Staff relating to, commenting on, or expressing concerns about implementation of the congressional repeal of 10 U.S.C. § 654.

3. All records, reports, notes, documents, memoranda, e-mails, statements, or communications between and/or among the various military combatant commanders to the military Chiefs of Staff, the Secretary of Defense and/or the Chairman of the Joint Chiefs of Staff relating to or referencing any and all concerns and/or comment(s) with regard to implementation of the congressional repeal of 10 U.S.C. § 654.

4. All records, reports, notes, documents, memoranda, e-mails, statements, or communications between and/or among the various military combatant commanders to the military Chiefs of Staff, the Secretary of Defense, and/or the Chairman of the Joint Chiefs of Staff relating to or referencing any and all concerns  and/or  comment(s) with regard to implementation of the congressional repeal of 10 U.S.C. § 654 passed by the 111th Congress, which were made available to members of the House Armed Services Committee between July 28 and August 4, 2011.

5. Records, sound recordings, or transcripts of the meeting and/or briefing and/or hearing conducted by the House Armed Services Committee on July 28, 2011 between and/or among the Department of Defense General Counsel Jeh Johnson, Major Gen. Steven

Hummer, and Virginia Penrod, Chief of Staff of the Repeal Implementation Team, on the subject of the congressional repeal of 10 U.S.C. § 654.

6. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, statements, or recordings relating to the implementation of the congressional repeal of 10 U.S.C. § 654  between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

7. All records, reports, notes, documents, memoranda, e-mails, videotapes, tape recordings, statements, or recordings relating to the rules, regulations, or policies regarding the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

8. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to the regulations and/or policies required for the congressional repeal of 10 U.S.C. § 654 between the Secretary of Defense and/or agents or representatives of the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

9. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to monitoring the workforce climate during the implementation of the congressional repeal of 10 U.S.C. § 654 between and/or among the Secretary of Defense and the military Chiefs of Staff and/or combatant commanders or their respective representatives.

10. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to the monitoring of command climate and military effectiveness during the implementation of the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

11. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to unit cohesion and the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

12. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to recruiting and the congressional repeal of 10 U.S.C. § 654 between and/or among the Chiefs of Staff and subordinate commanders and/or their respective representatives, and/or private contractors engaged to conduct surveys related to recruiting and propensity to serve following implementation of the congressional repeal of 10 U.S.C § 654

13. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to family readiness and the congressional repeal of 10 U.S.C. §

654 between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

14. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to policies concerning leadership and/or guidance and the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

15. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to policies and/or training on standards of conduct and the congressional repeal of 10 U.S.C. § 654 between the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives.

16. All records, reports, regulations, policies, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to changes to policies and/or regulations and the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate combatant commanders and/or their respective representatives, including but not limited to the subjects of personnel management, leadership and training, facilities, investigations, and benefits.

17. Any and all policies and/or regulations being proposed due to implementation of the congressional repeal of 10 U.S.C. § 654, including but not limited to the subjects of personnel management, leadership and training, facilities, investigations, and benefits.

18. Any and all change(s) to the Uniform Code of Military Justice (10 U.S.C. § 801, et. seq.), including all records, reports, notes, documents, memoranda, e-mails, statements, or communications referencing said change(s) proposed and/or considered and/or set for commencement due to implementation of the congressional repeal of 10 U.S.C. § 654.

19. All records, reports, regulations, policies, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to monitoring and/or evaluating existing legislative proposals related to congressional repeal of 10 U.S.C. § 654 between and/or among the Chiefs of Staff and subordinate commanders and/or their respective representatives.

20. All records, reports, regulations, policies, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to monitoring and/or evaluating legislative proposals to the congressional repeal of 10 U.S.C. § 654 introduced in the 112th Congress between and/or among the military Chiefs of Staff and subordinate commanders and/or their respective representatives.

21. All records, reports, regulations, policies, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to medical benefits and/or life insurance benefits for same-sex couples

and/or homosexual(s) in the military upon implementation of the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate commanders and/or their respective representatives.

22. All records, reports, notes, documents, memoranda, e-mails, statements, or communications relating to military housing and/or any and all living arrangements for same-sex couples and/or homosexual(s) in the military upon implementation of the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate commanders and/or their respective representatives.

23. All records, reports, regulations, policies, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to military housing and/or any and all living arrangements for heterosexual, non-married couples upon implementation of the congressional repeal of 10 U.S.C. § 654 between and/or the military Chiefs of Staff and subordinate commanders and/or their respective representatives.

24. All records, reports, regulations, policies, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to childcare for the children and/or adopted children of homosexual(s) and/or same-sex couples upon the congressional repeal of 10 U.S.C. § 654 between and/or among the military Chiefs of Staff and subordinate commanders and/or their respective representatives.

25. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating in any way to a survey connected with the Department of Defense's Comprehensive Review Working Group ("CRWG") given to service men and women on or about July 7, 2010 between and/or among the military Chiefs of Staff and subordinate commanders and/or their respective representatives.

26. All records, reports, notes, documents, memoranda, e-mails, statements, or communications to or from Jeh Johnson on or about July 4, 2010 up to and including July 7, 2010 relating in any way to the survey connected with the Department of Defense's Comprehensive Review Working Group ("CRWG") given to service men and women on or about July 7, 2010.

27. All records, reports, notes, documents, memoranda, e-mails, videotapes, tape recordings, PowerPoint presentations, statements, or recordings to or from Jeh Johnson relating in any way to the Inspector General's Report issued on or about April 30, 2011.

28. All records, reports, notes, documents, memoranda, e-mails, videotapes, tape recordings, PowerPoint presentations, statements, or recordings all of the Department of Defense relating in any way to the Inspector General's Report issued on or about April 30, 2011, including but not limited to transcripts of interviews taken in relationship to the Inspector General's Report issued on or about April 30, 2011.

29. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings between and/or among the military Chiefs of Staff and subordinate commanders and/or their respective representatives relating in any way to the Defense of Marriage Act and the congressional repeal of 10 U.S.C. § 654, and/or the military's treatment of same-sex or homosexual couples united by "marriage" and/or civil unions and/or the military's recognition of same-sex or homosexual couples united in "marriage" and/or civil unions.

30. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings relating to a hotline or a confidential communication system for troops to use to report problems with the implementation of the congressional repeal of 10 U.S.C. § 654.

31. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings made by military Chiefs of Staff discussing how to handle a subordinate officer or enlisted personnel encounter relating to favoritism or discrimination by subordinate commanders due to the congressional repeal of 10 U.S.C. § 654.

32. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings between and/or among members of the House Armed Services Committee and military Chiefs of Staff relating to the implementation of the congressional repeal of 10 U.S.C. § 654 and any and all policies and/or regulations.

33. All records, reports, notes, documents, memoranda, e-mails, photographs, videotapes, tape recordings, PowerPoint presentations, statements, or recordings made by or received by military Chiefs of Staff relating to UCMJ provisions regarding sodomy and the congressional repeal of 10 U.S.C. § 654.

8.     As noted in the FOIA request, it is upon information and belief that the documents sought by the Plaintiffs are in the possession, custody, and control of Defendant.

9.     On October 5, 2011, Plaintiffs received a response from Defendant denying a waiver of fees and denying expedited processing.

10.     Plaintiffs administratively appealed both denials on October 21, 2011.

11.     On November 7, 2011, Plaintiffs received Defendant's decision to deny expedited processing but reverse its prior decision and grant Plaintiffs a waiver of fees.

12.     FOIA allows twenty business days from the date of the request for the

government to produce the requested information.  5 U.S.C. § 552(a)(6)(A)(i).

13.     The government may make one request to extend the twenty day time period upon demonstrating an unusual circumstance.  5 U.S.C. § 552(a)(6)(B)(i).

14.     Even if the government demonstrates an unusual circumstance, the time period to fulfill the FOIA request should not be extended further than ten business days.  5 U.S.C. § 552(a)(6)(B)(i).

15.     The information sought by Plaintiffs under FOIA has been withheld beyond the statutorily proscribed time limitation.

16.     To date, Defendant has failed to produce responsive documents in a timely manner.

17.     Plaintiff has exhausted its administrative remedies.

18.     Plaintiff holds a statutory right to the records.  5 U.S.C. § 552, et. al.

19.     Due to the government's failure to adequately and timely respond to Plaintiff's FOIA request, the FOIA request is constructively denied, necessitating judicial review.  U.S.C. § 552(a)(6)(C).

20.     Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of the requested records, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## CLAIM FOR RELIEF

(Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiffs hereby incorporate by reference and realleges all stated paragraphs.

22.     Plaintiffs seek the disclosure of, and access to, the records contained within the FOIA request.

23.     Defendant was required to satisfy the FOIA request pursuant to the time limitations under FOIA, but to date has failed to do so.

24.     Defendant is unlawfully withholding records requested by the Plaintiffs pursuant to 5 U.S.C. § 552.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this court:

A)     declare that Defendant's constructive denial of the FOIA request was unlawful;

B)     order Defendant to conduct searches for any and all responsive records to Plaintiffs' FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request;

C)     order Defendant to produce, by a date certain, the records contained within Plaintiffs' FOIA request;

D)     order Defendant to produce a *Vaughn* index of any and all responsive records if the Defendant withholds any or all records claiming an exemption;

E)     enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

F)     grant a waiver of fees as required by 5 U.S.C. § 552(a)(4)(A)(viii);

G)     award Plaintiff attorneys fees and any other litigation costs reasonably incurred in this action as provided in 5 U.S.C. § 552(a)(4)(E); and

H)     grant such other and further relief as this court may deem just and proper.

Respectfully submitted,

THOMAS MORE LAW CENTER

/s/ Erin Mersino
Erin Mersino, Esq.

- 10 -

(DC Bar No. MI0060)
(Michigan Bar No. P70886)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
Tel: (734) 827-2001
Fax: (734) 930-7160
emersino@thomasmore.org